IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC KASHKASHIAN, **Plaintiff,** | : : : | CIVIL ACTION |
| v. | : : | |
| PAUL LAGANA, *et al.*, **Defendants.** | : : | NO. 18-1591 |

**MEMORANDUM**

SCHMEHL, J. /s/ JLS APRIL 23, 2018

Plaintiff Eric Kashkashian brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against officials at the Bucks County Prison based on their failure to "correct" his mental health records. Mr. Kashkashian seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Kashkashian leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I. FACTS

Mr. Kashkashian is awaiting trial in the Bucks County Court of Common Pleas on various criminal charges. *See Commonwealth v. Kashkashian*, Docket Nos. CP-09-CR-0003277-2015 & CP-09-CR-0002803-2015. In the course of those proceedings, the state court ordered an evaluation of Mr. Kashkashian to determine whether he was competent to stand trial. Most recently, on August 8, 2016, the judge presiding over Mr. Kashkashian's criminal cases directed the Mental Health Department of the Bucks County Correctional Facility to "examine [Mr. Kashkashian] for a determination of competency and prepare a report detailing the results of the evaluation." (*Id.*) On October 20, 2016, the state court held a competency hearing and

1

concluded that Mr. Kashkashian was not competent to stand trial.[1] (*Id.*) He is currently in custody at the Norristown State Hospital, although the Complaint suggests he may not have been transferred there until January 29, 2018. According to the state court dockets, counsel for Mr. Kashkashian recently filed a motion seeking a hearing.

Mr. Kaskkashian initiated this lawsuit against: (1) Paul Lagana, the Warden of the Bucks County Correctional Facility; (2) Dr. Abby Cassidy, a doctor at the Bucks County Correctional Facility; and (3) an unidentified "prison director." He alleges that Dr. Cassidy

> would not on three occasions see [him] to, correct [his] mental health file, to expunge erroneous, and derogatory information from [his] institutional file. [Mr. Kashkashian] told the dr. [he] [has] factual evidence 65-plus pages, proving the information in [his] mental health file is erroneous and derogatory.

(Compl. ECF No. 2 at 5.)[2] Although he does not further describe the allegedly erroneous information, Mr. Kashkashian indicates that he wanted Dr. Cassidy to "change [his] mental health file, retract the evaluation, retract her testimony at a hearing, and withdraw the evidence

---

[1] In light of that finding, the Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." As Mr. Kashkashian has been adjudicated incompetent by the state court, appointment of a guardian ad litem, attorney, or other representative would appear to be required in this case if it proceeded past screening under § 1915. *See Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012). However, the Court may still conduct a screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding *Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or § 1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted without first inquiring into a pro se litigant's mental competency to represent himself or herself under rule 17(c)(2).").

[2] The Court uses the pagination assigned to the Complaint by the Court's CM-ECF system.

use[d] for reliance for [an] involuntary transfer to Norristown State Hospital." (*Id.*) He adds that he has been assaulted by other inmates or patients during his stay at Norristown State Hospital.

The Complaint reflects that on December 21, 2017, when he still appears to have been incarcerated at the Bucks County Correctional Facility, Mr. Kashkashian filed a grievance about the fact that Dr. Cassidy would not change his mental health records. Warden Lagana responded that Dr. Cassidy had informed Mr. Kashkashian that she "cannot and will not alter or change [his] medical record" and advised him how to proceed if he was "unhappy with her response or [his] current status." (*Id.* at 14.) Mr. Kashkashian appealed, and an unidentified prison director denied his appeal. He then appealed to the Prison Oversight Board, but it is not clear whether he received a response. For relief in the instant civil action, Mr. Kashkashian seeks millions of dollars in compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Court grants Mr. Kashkashian leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mr. Kashkashian is

---

[3] However, as Mr. Kashkashian is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As it appears that Mr. Kashkashian is a pretrial detainee, the Court will analyze his claim under the Fourteenth Amendment.

To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the challenged conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard*, 399 F.3d at158. In the context of deficiencies in medical care, the Fourteenth Amendment, like the Eighth Amendment, is violated if a prison official acts with deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Goode v. Giorla*, 643 F. App'x 127, 129 n.3 (3d Cir. 2016) (per curiam). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

4

Falsification of medical records coupled with "a showing of deliberate refusal to provide medical attention, as opposed to a particular course of treatment" may violate the Constitution. *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (addressing the issue in the Eighth Amendment context); *Curbeam v. Montgomery Cty. Corr. Facility*, No. CIV.A. 12-2309, 2013 WL 315719, at *5 (E.D. Pa. Jan. 28, 2013) (plaintiff stated a claim based on allegations that defendant "personally disliked him and falsified his chart to the effect that he no longer wanted medical care, thereby causing him to receive no medical care for a period of 21 days"); *Wilkins v. Illinois Dep't of Corr.*, No. CIV. 08-CV-732-JPG, 2009 WL 1904414, at *8 (S.D. Ill. July 1, 2009) ("It is at least arguable that falsifying Wilkins's medical records implicates his Eighth Amendment rights because the deliberate inaccuracies may prevent him from receiving adequate medical care"). To the contrary, however, "[t]here is no basis for a constitutional claim alleging the mere filing of a false report." *Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (W.D.N.Y. 2008); *see also Harris v. Pennsylvania, Dep't of Corr.*, No. CIV. 13-02888, 2014 WL 941351, at *5 (E.D. Pa. Mar. 11, 2014) ("This allegation of falsifying medical reports, without more, does not support the inference that Robinson was deliberately indifferent to Plaintiff's serious medical need."); *Rivera v. Tennis*, No. CIV.A 1:09-0888, 2010 WL 2838603, at *7 (M.D. Pa. May 20, 2010) (dismissing claims based on allegations that "defendant Foose filed false medical reports, and/or that [plaintiff] disagreed with her course of treatment"), *report and recommendation adopted*, 2010 WL 2838605 (M.D. Pa. July 19, 2010).

Here, Mr. Kashkashian's allegations do not support a plausible constitutional violation. Nothing in the Complaint suggests that Mr. Kashkashian was denied medical care or that the Defendants exhibited deliberate indifference to his medical or mental health needs. Furthermore, although he alleges that certain information in his medical file is incorrect or false,

5

he does not clearly identify the information he challenges. Reading between the lines, it appears that Mr. Kashkashian disagrees with Dr. Cassidy's professional assessment of his mental health and presumably believes, contrary to the state court's finding, that he is not incompetent. However, Mr. Kashkashian's disagreement with the doctor's professional opinion, as reported in his medical records, does not equate to a constitutional claim.

Furthermore, to the extent Mr. Kashkashian is raising claims based on testimony that Dr. Cassidy may have given in state court, his claims must be dismissed. Witnesses enjoy absolute immunity from civil suit for damages based upon their proffered testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983). This immunity extends to pre-trial proceedings, such as competency hearings. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1467 n.16 (3d Cir. 1992); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988) (witness immune for perjured testimony at preliminary hearing and suppression hearings); *Zaranka v. New Jersey*, No. 08-4433 (JAP), 2009 WL 690678, at *2 (D.N.J. Mar. 13, 2009) (psychiatrist who testified at a competency hearing entitled to absolute immunity); *Bell v. Stevenson*, No. 3:06-CV-1041-G, 2006 WL 1983221, at *3 (N.D. Tex. July 17, 2006) (doctor who allegedly testified falsely at competency hearing entitled to absolute immunity). Accordingly, Dr. Cassidy is immune from any claims based on testimony she proffered in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Kashkashian's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As it does not appear that Mr. Kashkashian can cure the defects in his claims, he will not be given leave to amend. As he has not stated a basis for a plausible claim, the Court will deny his motion for counsel. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is

appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows.